JOHNSON, Judge.
The plaintiff obtained a judgment in the Twenty-Fourth Judicial District Court, Jefferson Parish, against the defendant, ordering specific performance by the defendant of a written agreement to sell to plaintiff certain real estate. The defendant appealed and plaintiff answered the appeal to pray that judgment be amended to award plaintiff attorney’s fees and costs and to order the defendant to convey title within a definite time.
On November 10, 1966, plaintiff made in writing an offer to purchase from defendant a designated parcel of real estate. The defendant accepted the offer on the same day by signing the contract in person. No money was paid or deposit made at the time of the signing. This offer and the acceptance resulted in a simple contract or agreement to sell with the consideration being the mutual obligations of the respective parties. The provisions of the contract are not unusual. It provides that the purchaser shall pay the sum of $2,000.00 “On the terms of ALL CASH.” One provision is that:
“Property sold as is and subject to the following
This property being acquired by Warren J. Day who is a real estate broker for his own use. All parties are aware of this fact.”
We assume this is the reason that the payment of a real estate agent’s commission and a down payment are not provided for. These stipulations are in the contract:
"Sewerage, water, gas, street surfacing, etc., charges bearing against the property as of this date, if any, to be paid by purchaser. All taxes to be prorated to date of sale. * * * All proper and necessary certificates and revenue stamps to be paid by seller. Cost of survey by purchaser. Act of sale to be passed by purchaser’s notary, on or prior to sixty days from the above date, at the expense of purchaser.”
There are separate provisions stipulating that if either party fails to comply with his obligation the other party will be entitled to collect certain forfeitures and damages including attorney’s fees incurred in enforcing such collections, or at the party’s option specific performance can be enforced, but there is no provision for attorney’s fees in the event a party exercises his option to enforce specific performance. This suit is primarily to require specific performance by the defendant owner. Plaintiff-appellee prays for attorney’s fees but attorney’s fees cannot be awarded because the contract does not provide for attorney’s fees if the suit is for specific performance.
The defendant admits his signature but says that he did not have his glasses when he signed the acceptance. He testified that plaintiff explained the agreement but he did not understand that he was agreeing to sell the property for only $2,000.00. Upon examination of the title by plaintiff’s attorney it was discovered that the property was encumbered with a mortgage amounting at that time to $2,079.-00. The defendant said he knew about the mortgage but thought the plaintiff would pay that off in addition to the purchase price recited in the contract. That is not a reasonable assumption. The terms of the contract are unambiguous and there is no provision that requires the plaintiff to pay that mortgage. Most of the testimony in this case was wholly inadmissible. Evidence concerning the appraisements and value of the property should not have been permitted. Of course, such testimony without obj ection serves to enlarge the pleading, but the terms of the contract constitutes the law of the case as between the parties. There is no evidence that deprives this plaintiff of his right to acquire a clear title to the property at the price and on the terms of the agreement.
*340 Defendant’s answer admitted entering into the contract, admitted that defendant agreed to sell the property, admitted that the date of sale was fixed for November 10, 1966, admitted that he did not appear at the notary’s office to make the sale and alleged as a special defense that his signature “was obtained through fraud and misrepresentation.” Such an allegation is merely a conclusion of law and is not sufficient to support introduction of any evidence of fraud. The fact here is that there was no attempt to offer evidence of fraud except to say that the defendant did not understand plaintiff’s explanation of the terms of the agreement, which- is no evidence at all.
The trial court rendered judgment ordering defendant to convey the property to plaintiff within a reasonable time and in accordance with the sales agreement. Except as to payment of costs, that judgment is affirmed, but we find it necessary to recast it as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Warren J. Day, and against the defendant, Leon James Smith, ordering specific performance by said defendant in accordance with the terms of the agreement to sell entered into on November 10, 1966, within 60 days from the finality of this decree by the defendant executing an act of sale before a notary public of plaintiff’s choice with full warranty and subrogation of warranty transferring and conveying to plaintiff the following described property:
“One certain lot of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances thereunto belonging or in anywise appertaining, situated in the Parish of Jefferson, State of Louisiana, Square 32, in Section “D” of Pontchartrain Gardens Subdivision, which Square 32 is bounded by Rose Avenue, Hastings Street, William Mason Smith property and Ithaca Street, the lot herein conveyed is designated as Lot No. IS of said Square 32, and according to a plan of subdivision of Square 32, Section “D”, Pontchartrain Gardens Subdivision, by Wilfred F. Calogne, C.E., dated May 24, 1955, a copy of which is annexed to a sale before O’Neal C. Legendre, Jr., Notary, dated July 14, 1955, said plan of subdivision receiving final approval by the Jefferson Parish Engineers on June 14, 1955, and final approval by the Police Jury of the Parish of Jefferson, on June 15, 1955, Ordinance No. 2796 and being recorded in the office of the Clerk of Court, Parish of Jefferson, in C.O.B. 381, folio 601, said Lot No. 15 is more particularly described as follows:
“Lot No. 15 commences a distance of 520 feet from the intersection of Rose Avenue and Ithaca Street and measures 50 feet front on Ithaca Street, the same width in the rear, by a depth of 161.41 feet on the line separating said Lot No. 15 from Lot No. 14 and a depth of 161.50 feet on the line separating said Lot No. 15 from Lot No. 16. According to a survey of Errol E. Kelly, Surveyor, dated January 24, 1964, copy of which is annexed to act before Henry G. Neyrey, Jr., Notary Public, dated March 5, 1964, the above described property is situated in the same district and square, has the same boundaries and the same measurements as detailed above.
“Being the same property acquired by Leon James Smith from the Third District Homestead Association by act before Edmund T. Wegener, Notary Public, dated April 29, 1964, registered in C.O.B. 590, folio 145, Parish of Jefferson, Louisiana.”
It is further ordered that said sale and conveyance be made for the price and consideration of $2,000.00, payable cash by plaintiff, the sale to be made at the cost of plaintiff including the property survey, and the defendant to pay the cost for the necessary and usual mortgage and conveyance certificates and United States Revenue stamps, with taxes assessed against said property through the year 1967 to be *341 paid by defendant and the taxes for the year 1968 and thereafter to be paid by the plaintiff.
It is further ordered that any sewerage, water, gas, street surfacing, etc., charges shall be paid or assumed by the plaintiff and the defendant shall pay and cause to be cancelled from the mortgage records of Jefferson Parish any mortgage, lien or other encumbrance.
It is further, ordered, adjudged and decreed that in the event the said defendant, Leon James Smith, shall refuse or neglect to specifically perform the obligations en-cumbent upon him by the provisions of the said agreement to sell or as decreed by the provisions of this judgment, in the manner and within the time stipulated hereinabove, then the recordation of this judgment in the office of the Recorder and Clerk of the Parish of Jefferson, Louisiana, accompanied by a deposit by the plaintiff of the sum of $2,000.00 in the registry of the Twenty-Fourth Judicial District Court subject to the further order of that court, shall serve as a muniment of title and shall act as a full, complete, and absolute transfer and conveyance of the title to the property described hereinabove from said defendant, Leon James Smith, or his heirs or assigns to plaintiff, Warren J. Day, his heirs or assigns, with full warranty and subrogation of warranty, free of mortgage or other encumbrance, in which event the said defendant shall be liable to and obligated to pay the plaintiff for the cost of the United States Revenue stamps and of the usual and necessary mortgage and conveyance certificates if the same shall have been obtained and paid for by said plaintiff.
It is further ordered, adjudged and decreed that in event defendant fails or refuses to pay or cause to be cancelled the special mortgage or record encumbering this property and the plaintiff pays it in order to have it cancelled, then there is reserved to plaintiff the right and cause of action against the defendant to recover the amount paid, or in the alternative reserving to plaintiff the right to apply the $2,000.00 purchase price money toward the payment and cancellation of said mortgage.
It is further ordered, adjudged and decreed that all costs of this suit incurred in both the trial and appellate courts shall be paid by defendant.
Affirmed in part and recast.